**E-filed 9/28/06**

1  BORIS FELDMAN, State Bar No. 128838
   DOUGLAS J. CLARK, State Bar No. 171499
2  IGNACIO E. SALCEDA, State Bar No. 164017
   RANDOLPH GAW, State Bar No. 223718
3  ERIN J. HOLLAND, State Bar No. 233305
   WILSON SONSINI GOODRICH & ROSATI
4  Professional Corporation
   650 Page Mill Road
5  Palo Alto, CA 94304-1050
   Telephone: (650) 493-9300
6  Facsimile: (650) 565-5100
   E-mail: boris.feldman@wsgr.com
7
   Attorneys for Defendants Rambus Inc.,
8  Thomas J. Bentley, Sunlin Chou,
   Michael P. Farmwald, Mark Horowitz,
9  Harold Hughes, Kevin Kennedy,
   Satish Rishi and Abraham Sofaer
10
                    UNITED STATES DISTRICT COURT
11
                    NORTHERN DISTRICT OF CALIFORNIA
12
                         SAN JOSE DIVISION
13

| | |
|---|---|
| MICHAEL A. BERNSTEIN PROFIT SHARING KEOGH PLAN and RONALD L. SCHWARCZ, on Behalf of Themselves and All Others Similarly Situated, | CASE NO.: C 06-4346 JF |
| Plaintiff, | **STIPULATION AND [PROPOSED] CONSOLIDATION AND SCHEDULING ORDER** |
| v. | |
| HAROLD HUGHES, DAVID MOORING, ROBERT K. EULAU, GEOFFREY TATE, BRUCE DUNLEVIE, P. MICHAEL FARMWALD, JOHN D. DANFORTH, MARK HOROWITZ, KEVIN KENNEDY, CHARLES GESCHKE, WILLIAM DAVIDOW, and RAMBUS INC., | |
| Defendants. | |
| JOSEPH MANIGLIA, Individually and On Behalf of All Others Similarly Situated. | CASE NO.: C 06-4427 RS |
| Plaintiff, | |
| v. | |
| HAROLD HUGHES, GEOFF TATE, ROBERT EULAU, SATISH RISHI and RAMBUS INC., | |
| Defendants. | |

STIP & [PROP] CONSOLIDATION & SCHEDULING ORDER;   -1-                    2907587_1.DOC
CASE NOS. C 06-4346 JF; C 06-4427 RS; C 06-4629 BZ;
C 06-4715 WHA; AND C 06-4732 MJJ

| | | |
|---|---|---|
| 1 | ANATOLE OLCZAK, On Behalf of Himself And All Others Similarly Situated. ) | CASE NO.: C 06-4629 BZ |
| 2 | ) ) | |
| | Plaintiff,        ) | |
| 3 | ) | |
| | v.               ) | |
| 4 | ) | |
| | RAMBUS INC., HAROLD HUGHES, ROBERT ) | |
| 5 | K. EULAU, GEOFFREY TATE, BRUCE ) DUNLEVIE, P. MICHAEL FARMWALD, ) | |
| 6 | KEVIN KENNEDY, CHARLES GESCHKE, and ) WILLIAM DAVIDOW, ) | |
| 7 | ) | |
| | Defendants.      ) | |
| 8 | ) | |
| | MARILYN FREEDMAN, on behalf of herself and ) | CASE NO.: C 06-4715 WHA |
| 9 | all others similarly situated. ) | |
| | ) | |
| 10 | Plaintiff,       ) | |
| | ) | |
| 11 | v.              ) | |
| | ) | |
| 12 | RAMBUS INC., HAROLD HUGHES, GEOFF ) TATE, J. THOMAS BENTLEY, SUNLIN CHOU, ) | |
| 13 | JOHN DANFORTH, WILLIAM DAVIDOW, ) BRUCE DUNLEVIE, ROBERT K. EULAU, P. ) | |
| 14 | MICHAEL FARMWALD, MARK HOROWITZ, ) KEVIN KENNEDY, DAVID MOORING, and ) | |
| 15 | ABRAHAM SOFAER, ) ) | |
| 16 | Defendants.      ) ) | |
| 17 | WENDELL WILLIAMS, Individually and on ) Behalf of All Others Similarly Situated. ) | CASE NO.: C 06-4732 MJJ |
| 18 | ) | |
| | Plaintiff,      ) | |
| 19 | ) | |
| | v.             ) | |
| 20 | ) | |
| | HAROLD HUGHES, DAVID MOORING, ) | |
| 21 | ROBERT K. EULAU, GEOFFREY TATE, ) BRUNCE DUNLEVIE, P. MICHAEL ) | |
| 22 | FARMWALD, JOHN D. DANFORTH, MARK ) HOROWITZ, KEVIN KENNEDY, CHARLES ) | |
| 23 | GESCHKE, WILLIAM DAVIDOW, and ) RAMBUS, INC., ) | |
| 24 | ) | |
| | Defendants.    ) | |
| 25 | ) | |

26 

  The parties hereby stipulate, and the Court hereby orders, as follows:

27

28

STIP & [PROP] CONSOLIDATION & SCHEDULING ORDER;   -2-   2907587_1.DOC
CASE NOS. C 06-4346 JF; C 06-4427 RS; C 06-4629 BZ;
C 06-4715 WHA; AND C 06-4732 MJJ

**CONSOLIDATION OF RELATED CASES**

1. The following actions are related cases:

*Michael A. Bernstein Profit Sharing Plan v. Hughes, et al.*, No. C 06-4346 JF;

*Maniglia v. Hughes, et al.*, No. C 06-4427 RS;

*Olczak v. Rambus Inc., et al.*, No. C 06-4629 BZ;

*Freedman v. Rambus Inc., et al.*, No. C 06-4715 WHA; and

*Williams v. Hughes, et al.*, No. C 06-4732 MJJ.

Pursuant to Federal Rule of Civil Procedure 42(a), these cases are hereby consolidated into Civil Action No. C 06-4346 JF, for all purposes, including pretrial proceedings, trial and appeal. The consolidated action shall be captioned: "*In re Rambus Inc. Securities Litigation*."

2. All related actions that are subsequently filed in, or transferred to, this District shall be consolidated into this action for pretrial purposes. This Order shall apply to every such related action, absent order of the Court. A party that objects to such consolidation, or to any other provision of this Order, must file an application for relief from this Order within thirty (30) days after the date on which a copy of the order is served on the party's counsel.

3. This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, for good cause shown.

**MASTER DOCKET AND CAPTION**

4. The docket in Civil Action No. C 06-4346 JF shall constitute the Master Docket for this action.

5. Every pleading filed in the consolidated action shall bear the following caption:

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| IN RE RAMBUS INC. SECURITIES LITIGATION | ) ) ) ) ) ) | Master File No. 06-4346 JF |
|---|---|---|
| This Document Relates To: | ) | |

1   6.  The file in Civil Action No. C 06-4346 JF shall constitute a Master File for every action in the consolidated action.  When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Documents Relates To:". When a pleading applies only to some, but not all, of the actions, the document shall list, immediately after the phrase "This Documents Relates To:", the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action.

7.  The parties shall file a Notice of Related Cases whenever a case that should be consolidated into this action is filed in, or transferred to, this District.  If the Court determines that the case is related, the clerk shall:

(a)  place a copy of this Order in the separate file for such action;

(b)  serve on plaintiff's counsel in the new case a copy of this Order;

(c)  direct that this Order be served upon defendants in the new case; and

(d)  make the appropriate entry in the Master Docket.

### **LEAD PLAINTIFF AND LEAD COUNSEL**

8.  After the Court has designated a Lead Plaintiff and Lead Counsel in accordance with the Private Securities Litigation Reform Act, Lead Counsel shall have authority to speak for, and enter into agreements on behalf of, plaintiffs in all matters regarding pretrial procedures, discovery, and settlement negotiations.  Lead Counsel shall manage the prosecution of this litigation to avoid duplicative or unproductive activities.  Lead Counsel shall be responsible for coordination of all activities and appearances on behalf of plaintiffs and for dissemination of notices and orders.  Lead Counsel shall be responsible for communications with the Court.  Lead Counsel shall maintain a master service list of all parties and counsel.

9.  Defendants' counsel may rely upon agreements made with Lead Counsel.  Such agreements shall be binding on all plaintiffs.

//

//

//

STIP & [PROP] CONSOLIDATION & SCHEDULING ORDER;   -4-   2907587_1.DOC
CASE NOS. C 06-4346 JF; C 06-4427 RS; C 06-4629 BZ;
C 06-4715 WHA; AND C 06-4732 MJJ

**PLEADINGS AND MOTIONS**

10. Defendants are not required to respond to the complaint in any action consolidated into this action, other than the consolidated complaint or a complaint designated as the operative complaint by Lead Counsel.

11. Unless otherwise agreed upon by the parties or ordered by the Court, Lead Counsel shall file a consolidated complaint or file a designation of a complaint as the operative complaint forty-five (45) days after the Court enters an Order appointing a Lead Plaintiff and Lead Counsel. The consolidated complaint or complaint designated as the operative complaint shall supersede all complaints filed in any of the actions consolidated therein.

12. Unless otherwise agreed upon by the parties and approved by the Court, the time for all defendants to respond is extended until forty-five (45) days after the later of (a) the filing of the consolidated complaint; or (b) the filing designating a complaint as the operative complaint by Lead Counsel. Unless otherwise agreed upon by the parties and approved by the Court, if defendants file any motions directed at the complaint, the opposition brief shall be filed within forty-five (45) days of that response, and the reply brief shall be filed thirty (30) days thereafter.

13. The parties shall serve all papers on each other by hand, by overnight delivery, by facsimile, or by e-filing, unless otherwise agreed upon by the parties. Notwithstanding the foregoing, defendants may serve plaintiffs' counsel, other than Lead Counsel, by first-class mail, unless otherwise agreed upon by the parties.

Dated: September 20, 2006            WILSON SONSINI GOODRICH & ROSATI
                                     Professional Corporation


                                     By:  _____/s/ Randolph Gaw_____
                                                Randolph Gaw

                                     Attorneys for Defendants
                                     Rambus Inc., Thomas J. Bentley, Sunlin Chou, Michael P.
                                     Farmwald, Mark Horowitz, Harold Hughes, Kevin
                                     Kennedy, Satish Rishi and Abraham Sofaer

| | | |
|---|---|---|
| 1 | Dated: September 20, 2006 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | By: /s/ Darryl P. Rains |
| | | Darryl P. Rains |
| 4 | | |
| | | Attorneys for Defendant John Danforth |
| 5 | | |
| 6 | Dated: September 20, 2006 | SHEARMAN & STERLING LLP |
| 7 | | |
| 8 | | By: /s/ Justin S. Chang |
| | | Justin S. Chang |
| 9 | | |
| | | Attorneys for Defendants |
| 10 | | William Davidow, Bruce Dunlevie and Charles Geschke |
| 11 | | |
| 12 | Dated: September 20, 2006 | IRELL & MANELLA LLP |
| 13 | | |
| 14 | | By: /s/ Daniel P. Lefler |
| | | Daniel P. Lefler |
| 15 | | |
| | | Attorneys for Defendant Geoffrey Tate |
| 16 | | |
| 17 | Dated: September 20, 2006 | STULL, STULL & BRODY |
| 18 | | |
| 19 | | By: /s/ Howard T. Longman |
| | | Howard T. Longman |
| 20 | | |
| | | Attorneys for Plaintiffs |
| 21 | | Michael A. Bernstein Profit Sharing Keogh Plan and Ronald L. Schwarcz |
| 22 | | |
| 23 | | |
| 24 | Dated: September 20, 2006 | HULETT HARPER STEWART LLP |
| 25 | | |
| 26 | | By: /s/ Sarah P. Weber |
| | | Sarah P. Weber |
| 27 | | |
| | | Attorneys for Plaintiff Joseph Maniglia |
| 28 | | |

| | | |
|---|---|---|
| 1 | Dated: September 20, 2006 | KLAFTER & OLSEN LLP |
| 3 | | By: _____/s/ Kurt B. Olsen_____ |
| | | Kurt B, Olsen |
| 4 | | Attorneys for Plaintiff Anatole Olczak |
| 6 | Dated: September 20, 2006 | JOHNSON & PERKINSON |
| 8 | | By: _____/s/ James F. Conway, III_____ |
| | | James F. Conway, III |
| 9 | | Attorneys for Plaintiff Wendell Williams |
| 11 | Dated: September 20, 2006 | GLANCY BINKOW & GOLDBERG LLP |
| 13 | | By: _____/s/ Lionel Z. Glancy_____ |
| | | Lionel Z. Glancy |
| 15 | | Attorneys for Plaintiff Marilyn Freedman |

**IT IS SO ORDERED:**

Pursuant to the parties' stipulation, the Court hereby orders, that pursuant to Federal Rule of Civil Procedure 42(a), the following related actions are consolidated into Civil Action No. C 06-4346 JF for pretrial proceedings, trial, and appeal:

*Michael A. Bernstein Profit Sharing Plan v. Hughes, et al.*, No. C 06-4346 JF;

*Maniglia v. Hughes, et al.*, No. C 06-4427 RS;

*Olczak v. Rambus Inc., et al.*, No. C 06-4629 BZ;

*Freedman v. Rambus Inc., et al.*, No. C 06-4715 WHA; and

*Williams v. Hughes, et al.*, No. C 06-4732 MJJ.

The consolidated action shall be captioned: "*In re Rambus Inc. Securities Litigation*." All related actions that are subsequently filed in, or transferred to, this District shall be

1  consolidated into this action for pretrial purposes. This Order shall apply to every such related
2  action, absent order of the Court.

3  Defendants are not required to respond to the complaint in any action consolidated into
4  this action, other than the consolidated complaint or a complaint designated as the operative
5  complaint by Lead Counsel.

6  Unless otherwise agreed upon by the parties or ordered by the Court, Lead Counsel shall
7  file a consolidated complaint or file a designation of a complaint as the operative complaint
8  forty-five (45) days after the Court enters an Order appointing a Lead Plaintiff and Lead
9  Counsel. The consolidated complaint or complaint designated as the operative complaint shall
10 supersede all complaints filed in any of the actions consolidated therein.

11 Unless otherwise agreed upon by the parties and approved by the Court, the time for all
12 defendants to respond is extended until forty-five (45) days after the later of (i) the filing of the
13 consolidated complaint; or (ii) the filing designating a complaint as the operative complaint by
14 Lead Counsel. Unless otherwise agreed upon by the parties and approved by the Court, if
15 defendants file any motions directed at the complaint, the opposition brief shall be filed within
16 forty-five (45) days of that response, and the reply brief shall be filed thirty (30) days thereafter.

17
18 Dated:    9/22/06                              _____
19                                                Hon. Jeremy D. Fogel
                                                  United States District Court Judge

1  I, Randolph Gaw, am the ECF User whose identification and password are being used to file the Stipulation and [Proposed] Consolidation and Scheduling Order.  In compliance with General Order 45.X.B, I hereby attest that Darryl P. Rains, Justin S. Chang, Daniel P. Lefler, Howard T. Longman, Sarah P. Weber, Kurt B. Olsen, James F. Conway, III and Hal K. Levitte have concurred in this filing.

Dated:  September 20, 2006           WILSON SONSINI GOODRICH & ROSATI
                                     Professional Corporation


                                     By:  _____/s/  Randolph Gaw_____
                                                    Randolph Gaw